JOSEPH H. KIM, Trial Attorney (IL6243249)
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0207
Facsimile: (202) 305-0275
joseph.kim@usdoj.gov

One of the Attorneys for Federal Defendants
(Additional Counsel listed on Signature Page)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| YUKON DELTA FISHERIES DEVELOPMENT ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, et al., <br><br> Defendants. | Cause No. A05-245 CV (JKS) <br><br> **MOTION TO DISMISS** |

Defendants in this case, through counsel, hereby move pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) to dismiss Plaintiffs' First Amended Complaint for Declaratory Relief and Recission [sic] of Fees ("Complaint") for lack of subject matter jurisdiction and/or for failure to state a claim, on the ground of mootness. In support of this motion, Defendants state as follows:

### INTRODUCTION

Plaintiffs in this action are six Community Development Quota ("CDG") groups that commercially fish for crab in the Bering Sea and Aleutian Islands ("BSAI") crab fisheries. See

Complaint at ¶¶ 2.1, 2.2, 3.1.[1] Defendants regulate who can fish in the BSAI crab fisheries. See id. at ¶ 3.1. As part of Defendants' management of the BSAI crab fisheries, Defendants have instituted a "crab buyback program," whereby certain crab fishing licenses were bought out, and at least certain remaining fishing license holders funded these buyouts through fees paid when crab is sold. See id. at ¶¶ 3.3, 3.4, 3.8, 3.9. This buyback program is designed to reduce effort in the fishery. Defendants' regulations, published at 70 FR 54652, provided that the buyback fees would be funded by fees assessed on all crab harvested in the BSAI crab fisheries, including crab harvested by CDQ groups. See id. at ¶ 3.9. The fees are withheld when the crab is sold, and the crab buyer remits the funds to the federal government. See id.

Plaintiffs' Complaint challenges the application of the buyback fee to their crabs. Plaintiffs seek a declaration that the application of the fees to CDQ crabs is contrary to law, an order barring the collection of such fees from CDQ groups, an order that the fees be recalculated to exclude the payment of fees by CDQ groups, and an order returning fees already paid by Plaintiffs. See id. at 7-8.

Subsequently, by a final rule published at 71 FR 27209, Defendants amended their regulations, exempting CDQ groups from payment of the fees at issue, providing for the repayment of any such fees already collected, and ensuring that the future fees are calculated accordingly. All fees collected associated with CDQ groups have now been refunded to their payors. See Declaration of Michael A. Sturtevant at ¶ 3.

---

[1] For the purposes of this Motion to Dismiss, the factual allegations of the Complaint are used where possible.

*Yukon Delta Fisheries Dev. Assn. v. NMFS*, 05-245    2

## **STANDARD OF REVIEW**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a lack of subject matter jurisdiction. Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989) (superceded by statute on other grounds). For both Rule 12(b)(1) and 12(b)(6), the standard is the same: "[A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief." Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003).

Under Rule 12(b)(6), a court is confined to reviewing the allegations plead in the complaint and must accept those allegations as true, resolving any factual issues in a light most favorable to the nonmovant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982). However, a court need "not strain to find inferences favorable to the plaintiff." Cornish v. Correctional Services Corp., 402 F.3d 545, 548-49 (5th Cir. 2005).

Under Rule 12(b)(1), factual issues are treated differently because at issue is the court's very power to hear the case. Thus, "a district court has broader power to decide its own right to hear the case than it has when the merits of a case are reached." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). "This means that the district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." Id. "The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.

## ARGUMENT

Plaintiffs claims are now moot, in light of the final rule published at 71 FR 27209. That rule amended the relevant regulations to (among other things) exempt CDQ groups such as Plaintiffs from the payment of the fees at issue in this case, and provided for the repayment of all such fees already collected. Indeed, all such fees have now been refunded to their payors -- the relevant crab buyers. See Declaration of Michael A. Sturtevant at ¶ 3.

Mootness is jurisdictional. Generally, federal court jurisdiction is limited to justiciable controversies. Flast v. Cohen, 392 U.S. 83, 95 (1968). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (citations omitted). Federal courts do not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology v. United States, 506 U.S. 9, 12 (1992)(citation omitted). Accordingly, moot cases must be dismissed for lack of jurisdiction. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-79 (1990).

The Ninth Circuit holds that mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994) (citation omitted). Accordingly, a claim becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Shoshone-Bannock Tribes v. Fish and Game Commission, 42 F.3d 1278, 1281 (9th Cir. 1994), quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982). It is settled law that federal courts must dismiss an action as moot if the relief that the plaintiff seeks has occurred. See Sze v. INS, 153 F.3d 1005

(9th Cir. 1998) (case dismissed as moot when agency took the action that plaintiffs sought court to compel); see also Public Utilities Comm'n v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996); Nome Eskimo Cmty. v. Babbitt, 67 F.3d 813, 815 (9th Cir. 1995). In other words, a court "cannot take jurisdiction over a claim to which no effective relief can be granted." Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir. 1989) (citation omitted). However, "[t]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available . . . [but] whether there can be any effective relief." E.g., Jerron West, Inc. v. California, 129 F.3d 1334, 1336 (9th Cir. 1998) (citation omitted).

After the rule published at 71 FR 27209, there is no more effective relief that can be granted. In other words, it no longer matters whether the application of the fees to CDQ crabs is contrary to law, because such fees are not now being so applied. Nor does it matter how the fees are now calculated, as Plaintiffs are not subject to them (in any event, the fees are indeed calculated to exclude the payment of fees by CDQ groups). Similarly, there is no need for an order barring the collection of such fees from CDQ groups, as such fees are not being collected. Nor is there any need for an order against Defendants to return fees already paid by Plaintiffs, as Defendants have already returned such fees.

Plaintiffs appear to recognize the mooting effects of the latest rule. Indeed, that effectively formed the basis of the various motions for extension of time and motions to stay that have been filed in this case. Defendants understand that, before stipulating to a dismissal based on mootness, Plaintiffs have been waiting to ensure that they, in turn, receive the fees that were paid back by Defendants to Plaintiffs' crab buyers. And Defendants further understand that Plaintiffs' counsel is not yet sure whether all Plaintiffs have yet been so paid. But Defendants have now done all they can in this regard. To the extent that Plaintiffs are in fact experiencing any delays in obtaining their

refunds from their crab buyers, that remains a private matter between those entities.  As the crab buyers are not parties to this case, this case is now moot.

## CONCLUSION

For the reasons set forth above, Defendants request that this Court grant this motion to dismiss, and thereby dismiss Plaintiffs' Complaint.

Dated:  September 17, 2006				Respectfully submitted,

							SUE ELLEN WOOLDRIDGE
							Assistant Attorney General
							United States Department of Justice
							Environment and Natural Resources Division
							JEAN E. WILLIAMS, Section Chief
							LISA L. RUSSELL, Assistant Section Chief

							    s/ Joseph H. Kim
							JOSEPH H. KIM, Trial Attorney (IL6243249)
							United States Department of Justice
							Environment and Natural Resources Division
							Wildlife and Marine Resources Section
							Benjamin Franklin Station, P.O. Box 7369
							Washington, D.C. 20044-7369
							Telephone: (202) 305-0207
							Facsimile: (202) 305-0275
							joseph.kim@usdoj.gov

							DEBORAH M. SMITH, Acting U.S. Attorney
							SUSAN LINDQUIST, Assistant U.S. Attorney
							District of Alaska
							222 W. 7th Ave. # 9, C-253
							Anchorage, Alaska 99513-7567

							Attorneys for Defendants

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 17, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, together with the referenced Declaration. Because counsel of record in this matter does not appear to have registered such that he will receive notification through the CM/ECF System, I have also caused a copy of these documents to be mailed on this date by first-class U.S. Mail, postage pre-paid, to the address indicated below:

Gerald T. Davis
5028 47th Ave. NE
Seattle, WA 98105


       s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0207
(202) 305-0275 (fax)
joseph.kim@usdoj.gov